AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Texas ⊡

United States Courts
Southern District of Texas
FILED

*March 31, 2026*

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| United States of America<br>v.<br><br>Tyiae GOFF<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. **4:26-mj-224**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___11/18/2025 - 3/03/2026___ in the county of ___Harris___ in the
___Southern___ District of ___Texas___ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(g)(1) | Felon in Possession of a Firearm |
| 18 USC 922(o) | Illegal Possession of a Machinegun |
| 18 USC 922(a)(5) | Illegal Transfer of Firearm |

This criminal complaint is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.

*Joshua Hacker*
_____
*Complainant's signature*

Joshua Hacker, Special Agent, ATF
_____
*Printed name and title*

Sworn to me telephonically.

Date: ___March 31, 2026___

*Peter Bray*
_____
*Judge's signature*

City and state: ___Houston, Texas___

Honorable Peter Bray, U.S. Magistrate Judge
_____
*Printed name and title*

| Print | Save As... | Attach | Reset |
|---|---|---|---|

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF THE** | § | |
| **ARREST OF:** | § | |
| | § | |
| **TYIAE GOFF** | § | **MAGISTRATE NO.  4:26-mj-224** |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Joshua Hacker, being duly sworn, deposes and states as follows:

## I.  INTRODUCTION

### Identity of Affiant

1.     I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been since July 2023. I graduated from the Federal Law Enforcement Training Center (FLETC) and ATF National Academy where training focused on federal laws, driving, operational tactics, interviewing, firearms trafficking, surveillance, arson and explosives, and physical training. Prior to being employed by ATF, I was employed with the United States Navy as a Navy SEAL, assigned to the command of SEAL Team Ten.  I am currently assigned to the ATF Houston Field Division, Group VIII, HSTF Strike Force.  I have specialized training and experience in conducting investigations of criminal street gangs, firearms violations, drug trafficking organizations, criminal enterprises and other groups who engage in both violent and non-violent crimes. The information in this affidavit is based on my personal knowledge, as well as information, knowledge, and observations of other federal, state, and local law enforcement officers. This affidavit does not contain all the information and evidence obtained during this investigation but rather contains facts and evidence sufficient to support the issuance of a criminal complaint.

2.        I make this affidavit in support of an application for the issuance of a criminal complaint for TYIAE GOFF, charging a violation(s) of:

a. 18 U.S.C. § 922(o), illegal possession and transfer of a machinegun,

b. 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon,

c. 18 U.S.C. § 922(a)(5), illegal transfer of firearm

## II.    PROBABLE CAUSE

### Basis of Knowledge

3.        On May 15, 2025, investigators became aware that Person 1, a multi-time convicted felon, was in possession of a firearm with a machine gun conversion device (MCD) attached during a traffic stop in St. Johns County, FL.  During the traffic stop, Person 1 was found to be in constructive possession of a Glock model 32, .357 pistol with an altered serial number and a machinegun conversion device (MCD) or "switch"[1] attached.  Person 2 was also present in the vehicle on May 15, 2025.

4.        Investigators obtained a search warrant from the Seventh Judicial Circuit of Florida for Person 1's cell phone following the May 15, 2025, St. Johns County traffic stop. Person 1's phone download revealed that between January 2025 and the phone's seizure on May 15, 2025, Person 1, Person 2, and Person 3 discussed traveling to Houston, TX from Florida to purchase MCDs to transport back to Florida for resale. More specifically, messages in Person 1's phone download suggest a contact name labeled "GOFFO" is a source for the MCDs. The known phone number for "GOFFO" in Person 1's phone download is 832-XXX-X321.

---

[1] Based on my training and experience, I know that a "Glock switch" or "switch" and "auto sears" are slang terms used to describe machine gun conversion devices (MCD). MCDs are by federal law considered machine guns. A machinegun is any weapon that shoots, is designed to shoot, or can be readily restored to shoot more than one shot, without manual reloading, by a single function of the trigger.

2

5.      On October 29, 2025, ATF Special Agent (SA) Mark Mutz and ATF Task Force Officer (TFO) Gene Tolbert debriefed St. Johns County Sherrif's Office (SJSO) Confidential Informant (CI) 25-018 concerning potential firearms and narcotics trafficking between Houston, Texas and the northeast Florida area. CI 25-018 identified Person 1, Person 2, and Person 3 as participants in the trafficking conspiracy and indicated Person 1, Person 2, and Person 3 had travelled to Houston, TX at least four or five times since January 2025 to purchase and transport MCDs and cases of Promethazine to Florida for resale.

6.      CI 25-018 identified a subject known as "GOFFO" as a source of supply for MCDs. CI 25-018 advised the Glock model 32, which Person 1 was arrested with, originated from "GOFFO" in Houston, TX, and Person 1 traded "GOFFO" an AR-style pistol (ARP), which "GOFFO" converted to a fully automatic pistol a day later. CI 25-018 described the ARP as having a red foregrip. This description is consistent with a video found on Person 1's phone download which shows an unidentified black male shooting a full auto ARP with a red foregrip out of the passenger side of a vehicle.

7.      CI 25-018 described "GOFFO" as a black male, originally from Louisiana, who currently resides in Houston, TX. "GOFFO" was further identified as TYIAE R. GOFF (DOB 11/XX/1997) based on the phone number associated with "GOFFO" in Person 1's phone download. A photo of GOFF was shown to CI 25-018, and he/she confirmed the photo was "GOFFO".  A review of the National Crime Information Center (NCIC) criminal history data for GOFF revealed he is a multi-time convicted felon with two credit card/debit card abuse convictions, as well as a conviction for theft of a firearm.

8.      On November 10, 2025, ATF SA Mutz assisted with the facilitation of a controlled purchase of MCDs from GOFF aka "GOFFO", utilizing an ATF undercover agent (UC).  CI 25-

018 and the UC contacted GOFF via Facetime video call to 832-XXX-X321, the number associated with "GOFFO" from Person 1's phone download. CI 25-018, the UC, and GOFF agreed the UC would meet with GOFF and purchase MCDs from GOFF, in Houston, TX, which is in the Southern District of Texas.

9.      CI 25-018 conducted another controlled Facetime video call with GOFF at 832-XXX-X321 on November 14, 2025, and established the UC would be in the Houston area on November 18, 2025. GOFF stated he would have the MCDs ready.

10.     On November 18, 2025, the UC and CI 25-018 independently contacted GOFF at 832-XXX-X321 to arrange a transaction. GOFF sent a text message to CI 25-018 and stated, "bet I'm waitin on em," in reference to being ready to conduct the transaction with the UC.

11.     The UC met with GOFF at a Loves Travel Stop located in Houston, TX. GOFF arrived in a four-door sedan, bearing Texas License Plate XDR1601, with an unknown passenger. GOFF parked the vehicle near the front of the convenience store and was approached by the UC in the parking space. The UC spoke with GOFF, and the two conducted the transaction just inside the open door of GOFF's vehicle. GOFF provided eight polymer MCDs to the ATF UC in a plastic baggie, and the UC provided GOFF with $960 cash, which is a rate of $120 per MCD.

12.     On Wednesday, February 25, 2026, the UC contacted GOFF by phone. During the conversation, GOFF offered to sell the UC 20 MCDs and a 12-liter case of Promethazine for $2,900 cash, which is a rate of $120 per MCD and $500 for the case of Promethazine.  GOFF also noted he may be able to acquire a firearm to sell to the UC as well.

13.     On Monday, March 2, 2026, GOFFO called the UC and advised he was "locked and loaded for 20," indicating GOFF was in possession of the 20 MCDs previously discussed. The UC advised GOFF that the UC would call on Tuesday, March 3, 2026, when the UC arrived in

4

Houston to complete this transaction.

14.     On Tuesday, March 3, 2026, the UC communicated with GOFF several times via text message and Facetime calls.  GOFF suggested meeting at the same Loves Travel Stop as before.  The UC met with GOFF at the Loves Travel Stop. GOFF arrived alone in a four-door Nissan sedan, bearing Texas License Plate RZY1313. GOFF parked his vehicle near the front of the convenience store and called the UC over to him. The two conducted the transaction inside GOFF's vehicle. GOFF provided 19 polymer MCDs to the UC in a plastic baggie and 12 one-liter bottles of promethazine.  The UC provided GOFF with $2,900 cash as agreed (NOTE: *Testing of the purchased promethazine bottles produced negative results; therefore the purchased evidence is not classified as a controlled substance*).

15.     The UC then engaged GOFF in conversation about purchasing a firearm, and GOFF produced a Glock model 19 handgun from under the seat.  GOFF allowed the UC to handle the firearm, which was loaded.  GOFF noted there was an MCD attached to the Glock pistol.  The UC asked GOFF how much he would sell the gun for, and GOFF mentioned that he would need to check to see if he would be able to acquire another gun later to replace this one if he sold it. GOFF took a moment to scan through messages on his cell phone, then stated, "I'm good" and agreed to sell the Glock to the UC for an additional $700 cash.

16.     Prior to and during both controlled purchases, the UC advised GOFF that the UC was traveling from Jacksonville, Florida to obtain MCDs and Promethazine. The UC also explained to GOFF that the UC would be transporting these items back to Florida.

17.     The affiant reviewed certified documents from the ATF Federal Licensing Center, which maintains custody of all records pertaining to firearms licenses for all persons who make an application for, or are issued, licenses to engage in business as firearms or ammunition importers,

5

manufacturers, dealers, or collectors. The records certify that no record or entry was located with respect to the application or issuance of a firearms license to GOFF between January 1, 2000, through the construction of this affidavit.

18.     The affiant reviewed records ATF National Firearms and Transfer Record (NFRTR) database concerning GOFF and any applications or approved documents to possess, to transfer and register any firearms to any person as required by 26 U.S.C. §§ 5811 and 5812. The affiant knows that the NFRTR is the central records registry for all firearms not in the possession or under the control of the United States which come within the purview of Title 26. The document states that GOFF does not now have any approved application to possess, make, or transfer any firearms within the purview of Title 26.

19.     The affiant received and reviewed an official determination from ATF Firearms Technology Division (FATD) that the machine gun conversion devices purchased from GOFF are confirmed machine guns.

20.     The affiant consulted an ATF firearm nexus expert about the aforementioned Glock purchased from GOFF on March 3, 2026. The expert concluded that the firearm was not manufactured in the State of Texas and therefore traveled in interstate or foreign commerce.

## III.    CONCLUSION

21.     Based upon the foregoing information and my training and experience, the affiant believes information has been presented which supports a request for the issuance of an arrest warrant for Tyiae GOFF for violation of Title 18, United States Code Section 922(g)(1), possession of a firearm by a convicted felon, Title 18, United States Code Section 922(o),

possession of a machine gun, Title 18, and United States Code Section 922(a)(5), illegal transfer of firearm.

Respectfully submitted,

Joshua C. Hacker, Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Subscribed and sworn to me telephonically on this 31st day of March 2026,  and I find probable cause exists.

Honorable Peter Bray
United States Magistrate Judge

7